1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE M. CLARK, | ) 1:09-cv—00817-SKO-HC |
| | ) |
| Petitioner, | ) ORDER GRANTING RESPONDENT'S |
| | ) MOTION TO DISMISS (DOC. 13) |
| | ) AND DISMISSING THE ACTION |
| v. | ) WITHOUT PREJUDICE |
| | ) |
| H. A. RIOS, JR., Warden, | ) ORDER DIRECTING THE CLERK TO |
| | ) ENTER JUDGMENT AND CLOSE THE CASE |
| Respondent. | ) |
| | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the parties' consent,[1] the matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.  Pending before the Court is Respondent's motion to dismiss the action.

## I. Procedural Summary

On May 8, 2009, Petitioner filed a petition for writ of

---

[1] Petitioner filed a signed, written consent form on June 12, 2009; Respondent Warden Hector A. Rios filed a written consent form signed by his authorized representative on October 13, 2009.

1

habeas corpus in which he challenged the execution of his
sentence pursuant to 28 U.S.C. § 2241.  (Pet. p. 1.)[2]  Petitioner
alleged that the Bureau of Prisons (BOP) denied his request of
February 26, 2009, for a transfer to a residential reentry center
(RRC) because Petitioner was not yet serving the last six (6)
months, or last ten (10) percent, of his sentence.  Petitioner
alleged that the denial was improper because it conflicted with
18 U.S.C. § 3621, which permitted transfer at any point in a
prisoner's sentence.  He also alleged that it was invalid under
standards of review set forth in the Administrative Procedure Act
(APA) that require consideration of the relevant factors set
forth in § 3621(b) in the exercise of discretion to determine
placement of a prisoner.  (Pet. pp. 1-5.)[3]

        Petitioner relies on the decision in Rodriguez v. Smith, 541
F.3d 1180 (9th Cir. 2008), in which the court determined that
regulations of the BOP (28 C.F.R. §§ 570.20 and 570.21) that
purported categorically to exclude consideration of prisoners for
placement in RRC's for more than the last six (6) months of their
sentences were contrary to the Congressional intent expressed in
18 U.S.C. § 3621(b), which provided for individualized
consideration of transfer and exercise of administrative

---

[2] References to pages of filed documents are to the page numbers that are
automatically assigned by the Court's electronic filing system and appear in
the upper right-hand corner of the pages of filed documents.

[3] Petitioner alleged that the BOP's action conflicted with the Second
Chance Act and then sought consideration of a transfer "without reference to
the Second Chance Act." (Pet pp. 4-5.)  Because these references are not
sufficiently specific to identify any precise statutory provision and are
essentially inconsistent, the Court agrees with Respondent (mot. pp. 2-3, n.
1) that the petition will be liberally construed to be seeking an order
compelling the BOP to consider Petitioner for a routine transfer to a RRC with
consideration of the factors set forth in 18 U.S.C. § 3621.

discretion based on specified factors.  The Court in <u>Rodriquez</u> affirmed the district court's grant of a writ of habeas corpus ordering the BOP promptly to consider the prisoner for transfer to an RRC with reference to the factors specified in § 3621(b). 541 F.3d at 1189.  This is essentially the relief sought by Petitioner here.  (Pet p. 5.)

In response to the petition, Respondent served by mail on Petitioner and filed on December 15, 2009, a motion to dismiss the action.  Petitioner did not file an opposition to the motion. Respondent seeks dismissal of the petition for lack of standing and absence of a liberty interest; mootness; inapplicability of the APA; and Petitioner's failure to exhaust administrative remedies.

II. <u>Factual Background</u>

Petitioner is serving a sentence of one hundred and ten (110) months imposed in the Western District of Michigan on February 22, 2005, for being a felon in possession of a firearm (18 U.S.C. § 922(g)), and twelve months for possession of cocaine base (21 U.S.C. § 844). His projected release date is July 13, 2012. (Decl. Orozco, ¶ 3, doc. 13-2, pp. 26-29.)

Petitioner was incarcerated in the United States Penitentiary in Atwater, California (USP Atwater) from February 7, 2007, through May 21, 2009.  He was then transferred to the Federal Correctional Institution at Herlong (FCI Herlong), a medium security facility, where he is presently designated. (Decl. and cert. of records by Jesse Gonzalez, Executive Assistant/Litigation Coordinator, Atwater, California, doc. 13-2, pp. 2-3.)

With respect to Petitioner's claim concerning the failure of the BOP to afford him the consideration mandated by § 3621, Petitioner filed a request for administrative remedy on or about March 17, 2009, concerning a transfer to a RRC for successful reintegration. (Gonzalez decl. ¶ 4, att. 1, doc. 13-2, pp. 10-11.) The warden responded on April 1, 2009, explaining that the factors identified in 18 U.S.C. § 3621(b) would be considered at a later date at a pre-release review, and denying the request. (Id. p. 12.) Petitioner sought review by the western regional director, who construed Petitioner's request as one seeking a routine transfer to a RRC (as distinct from a pre-release transfer) and remanded the matter to the warden to address the request. (Id. pp. 13-18.) Petitioner was advised that if he was dissatisfied with the response, he could appeal to the office of the general counsel at a specified address within thirty (30) calendar days. (Id. p. 18.) Petitioner did not appeal the regional director's decision to remand the matter to the warden to address the request as one for a routine transfer. (Decl. Gonzalez, ¶ 4.)

On June 1, 2009, the warden reconsidered Petitioner's request for a routine transfer to a RRC. The warden again denied the requested relief. The warden found no extraordinary or compelling re-entry needs, although Petitioner had prepared for release financially, had completed the release preparation program, had maintained clear institutional conduct since May 2008, and had been transferred to a medium security institution. Petitioner was again advised of his right to appeal that decision and did not appeal. (Id.; doc. 13-2 p. 19.) Although Petitioner

4

was transferred to FCI Herlong on May 21, 2009, he remained incarcerated in facilities with the western region of the BOP, and thus the pertinent database would have reflected all administrative grievances filed by Petitioner while incarcerated. (Id. at ¶ 5.)   The case manager at FCI Herlong stated that the pertinent database revealed that Petitioner had not filed any requests for transfer since arriving at FCI Herlong.   (Decl. Orozco, ¶ 5.)

In addition, the pertinent records contain no indication that Plaintiff requested a transfer at the team meeting held on February 5, 2009, at USP Atwater.   (Decl. Orozco, ¶ 4.) Subsequently, BOP staff determined that Plaintiff's security level could be changed from high to medium, and on April 1, 2009, the institution itself requested a transfer for Plaintiff, resulting in his transfer beginning May 28, 2009.   (Id.)   In June 2009, a program review of Petitioner's case was held, but Petitioner did not request a transfer at that time despite the discussion of later evaluation for RRC placement.   (Id. ¶ 5.)

III. Motion to Dismiss

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the constitution, laws, or treaties of the United States.   28 U.S.C. § 2241(a), (c)(1), (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it

appears from the application that the applicant is not entitled
thereto. 28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section
2254 Cases (Rule 4) is applicable to proceedings brought pursuant
to § 2241.  Rule 1(b) of the Rules Governing Section 2254 Cases.
Rule 4 permits the filing of "an answer, motion, or other
response," and thus authorizes the filing of a motion in lieu of
an answer in response to a petition.  Advisory Committee Notes,
1976 Adoption and 2004 Amendments.  This gives the Court the
flexibility and discretion initially to forego an answer in the
interest of screening out frivolous applications and eliminating
the burden that would be placed on a respondent by ordering an
unnecessary answer.  Advisory Committee Notes, 1976 Adoption.
Rule 4 confers upon the Court broad discretion to take "other
action the judge may order," including authorizing a respondent
to make a motion to dismiss based upon information furnished by
respondent, which may show that a petitioner's claims suffer a
procedural or jurisdictional infirmity, such as res judicata,
failure to exhaust state remedies, or absence of custody.  Rule
4, Advisory Committee Notes, 1976 Adoption.

        The Supreme Court has characterized as erroneous the view
that a Rule 12(b)(6) motion is appropriate in a habeas corpus
proceeding.  See, Browder v. Director, Ill. Dept. of Corrections,
434 U.S. 257, 269 n. 14 (1978).  However, in light of the broad
language of Rule 4, it has been held in this circuit that motions
to dismiss are appropriate in cases that proceed pursuant to 28
U.S.C. § 2254 and present various procedural issues.  O'Bremski
v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (a motion to dismiss
for failure to raise any issue of federal law, which was based on

the insufficiency of the facts as alleged in the petition to justify relief as a matter of law, was evaluated under Rule 4); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (procedural default in state court was appropriately the subject of a motion); Hillery v. Pulley, 533 F.Supp. 1189, 1194 n. 12 (E.D.Cal. 1982) (after the trial court had determined that summary dismissal was unwarranted, a motion to dismiss for failure to exhaust state remedies was appropriately considered after receipt of evidence pursuant to Rule 7(a) to clarify whether or not the possible defect, not apparent on the face of the petition, might preclude a hearing on the merits).

     Here, the Respondent's filing of the motion to dismiss, and the Court's consideration thereof, are appropriate.  Respondent's motion to dismiss is based on lack of subject matter jurisdiction, mootness, failure to exhaust administrative remedies, and lack of standing.  A federal court is a court of limited jurisdiction with a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Although Petitioner proceeds pursuant to § 2241, Respondent's motion is similar in procedural posture to a motion to dismiss for failure to exhaust state remedies or for state procedural default in a proceeding undertaken pursuant to § 2254. The motion before the Court is unopposed; the facts alleged in the petition and reflected in the declarations supporting Respondent's motion

present no material factual disputes.  Finally, Respondent has not yet filed a formal answer.

The Court therefore exercises its discretion to review Respondent's motion pursuant to its authority under Rule 4.

IV. <u>Subject Matter Jurisdiction</u>

Respondent argues that Petitioner seeks nothing more than to challenge the BOP's exercise of discretion in identifying an appropriate place of confinement for the Petitioner to serve his sentence.  Since the petition addresses nothing more than the transfer of the site of Petitioner's service of his sentence, the petition involves only conditions of confinement and does not implicate a liberty interest, the fact or duration of his confinement, or a violation of the Constitution or laws of the United States.  Thus, Respondent contends that this Court is without subject matter jurisdiction over the controversy.

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

In arguing that Petitioner is challenging not the fact or duration of his confinement, but rather only the conditions of

8

1  his confinement, Respondent relies in part on Rodriguez v. Smith,

2  541 F.3d 1180, 1184-1186 (9th Cir. 2008), in which the court

3  characterized a RRC as a place of incarceration.  Thus, contends

4  Respondent, Petitioner's request for relief concerns nothing more

5  than a transfer of the place of confinement as distinct from any

6  phenomenon affecting the fact or duration of the confinement.

7  However, in Rodriguez v. Smith, the court affirmed the district

8  court's grant of a writ of habeas corpus directing the BOP to

9  afford the petitioner individualized consideration as provided

10 for by statute.  541 F.3d at 1189.  Although the question of

11 subject matter jurisdiction was not expressly raised in

12 Rodriguez, Respondent's jurisdictional assertion is fundamentally

13 inconsistent with the court's decision in that case.

14      Respondent's view of jurisdiction is not required by the

15 wording of the governing statute.  Sections 2241(c)(1) and (3)

16 provide that the writ of habeas corpus extends to a prisoner who

17 "is in custody under or by color of" the authority of the United

18 states as well as to a prisoner who "is in custody in violation

19 of the Constitution or laws or treaties of the United States."

20 Unlike § 2255(a), which limits potential applicants to prisoners

21 "claiming the right to be released," § 2241 does not contain any

22 such exclusions or limitations.  Petitioner's claim in the

23 instant case challenges the manner of execution of Petitioner's

24 sentence as being in violation of a specific federal statute and

25 thus comes within the express terms of § 2241.

26      The Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) noted

27 that habeas relief was appropriate for federal prisoners who

28 claimed that a federal judge's action was contrary to federal

statute and resulted in unlawful confinement in the wrong
institution. 411 U.S. at 475 (citing In re Bonner, 151 U.S. 242,
involving a federal judge's sentencing of a federal prisoner to
time in a state custodial institution in violation of a federal
statute that prohibited a sentence to imprisonment in a state
penitentiary unless the term was to exceed a year; and Humphrey
v. Cady, 405 U.S. 504 (1972), involving a state prisoner's
challenge, based on unlawful commitment procedures as well as the
conditions of his confinement, to his commitment to a sexual
deviate facility for a potentially indefinite period of time).
The present case does not involve the functions of the sentencing
court, a possibility of immediate release, or any shortening of
the duration of confinement; thus it may not lie within the
"core" of habeas corpus. See, Preiser, 411 U.S. at 487-88;
Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

However, the scope of habeas corpus has not been
definitively limited to only the central, core function. See,
Preiser, 411 U.S. at 499 (declining to describe federal habeas
corpus categorically as unavailable to challenge conditions of
confinement, and citing Johnson v. Avery, 393 U.S. 483 (1969)
[habeas corpus available to control prison conditions that
restricted access to federal habeas corpus relief]).

Further, in addition to the obvious example of Rodriquez v.
Smith, the Court notes that decisions in other cases in this
circuit have extended the reach of § 2241 to matters related to
the manner of execution of sentence that were alleged to violate
federal statutory or Constitutional provisions but did not
involve a direct or immediate effect on the fact or duration of

10

1   confinement.  <u>See</u>, <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548,

2   549 (9th Cir. 1998) (permitting a federal prisoner to challenge

3   by way of § 2241 the BOP's policies concerning collection of

4   court-ordered fines alleged to violate not only federal statutes

5   entrusting supervision of fine collection to the federal courts

6   but also the separation of powers provided for in Article III of

7   the Constitution); <u>United States v. Lemoine</u>, 546 F.3d 1042, 1046

8   (9th Cir. 2008) (entertaining and resolving on a petition

9   pursuant to § 2241 a prisoner's challenge to the BOP's

10   requirement that a federal prisoner pay restitution at a higher

11   rate than ordered at sentencing pursuant to a federal statute).

12      Respondent relies on cases involving state prisoners in

13   which it was held that a prisoner has no constitutionally

14   protected liberty interest or expectation in confinement in any

15   particular facility, such as <u>Meachum v. Fano</u>, 427 U.S. 215, 223

16   (1976) (absent a provision of state law to the contrary, a

17   transfer of a state prisoner from a medium to a maximum security

18   prison did not implicate or infringe a liberty interest within

19   the meaning of the due process clause but rather was entrusted to

20   the discretion of prison administrators); <u>Montayne v. Haymes</u>, 427

21   U.S. 236, 242 (1976) (absent a state law to the contrary, a state

22   prisoner had no right to remain at any particular facility that

23   was protected by the due process clause); <u>Olim v. Wakinekona</u>, 456

24   U.S. 1005 (1983) (interstate prison transfer did not deprive a

25   prisoner of any interest protected by the due process clause, and

26   state law did not create a constitutionally protected liberty

27   interest).

28      However, § 2241 and 2254 involve different sovereign

1  interests.  Further, the present suit concerns not the vague

2  parameters of due process, but rather an express, affirmative,

3  and specific federal statute governing the execution of sentence.

4  The points asserted here by Petitioner on the merits have been

5  considered and determined by the appellate court of this circuit

6  and have been resolved in Petitioner's favor in a proceeding

7  brought pursuant to § 2241.

8       Respondent points to cases from various district courts in

9  California, including this Court, that come to differing results

10  with respect to the issue of subject matter jurisdiction

11  presented in this case.  (Mot. pp. 6-7.)  The issue is not

12  straightforward.  However, considering the statutes in question,

13  the state of the authorities, and the uncertainty concerning the

14  scope of the habeas remedy in circumstances such as the present,

15  the Court concludes that Respondent's view too narrowly defines

16  the range of cases subject to § 2241 and inflexibly treats two

17  categories of cases, namely, conditions suits and habeas actions

18  concerning the manner of execution of sentence, as necessarily

19  mutually exclusive phenomena.  The Court concludes that

20  Petitioner's action is one to which habeas corpus may extend

21  because it concerns his custody under the authority of the United

22  States and an allegation that his custody is in violation of a

23  specific federal statute with respect to the execution of his

24  sentence.

25       The Court thus concludes that it has subject matter

26  jurisdiction over the action, and Respondent's motion to dismiss

27  for lack of subject matter jurisdiction will be denied.

28  ///

1        V. <u>Personal Jurisdiction</u>

2        Title 28 U.S.C. § 2241(a) provides that writs of habeas

3   corpus may be granted by the district courts "within their

4   respective jurisdictions."  A writ of habeas corpus operates not

5   upon the prisoner, but upon the prisoner's custodian.  <u>Braden v.</u>

6   <u>30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-495

7   (1973).  A petitioner filing a petition for writ of habeas corpus

8   under 28 U.S.C. § 2241 must file the petition in the judicial

9   district of the petitioner's custodian.  <u>Brown v. United States</u>,

10  610 F.2d 672, 677 (9th Cir. 1990).  The warden of the

11  penitentiary where a prisoner is confined constitutes the

12  custodian who must be named in the petition, and the petition

13  must be filed in the district of confinement.  <u>Id.</u>; <u>Rumsfeld v.</u>

14  <u>Padilla</u>, 542 U.S. 426, 446-47 (2004).  It is sufficient if the

15  custodian is in the territorial jurisdiction of the court at the

16  time the petition is filed; transfer of the petitioner thereafter

17  does not defeat personal jurisdiction that has once been properly

18  established.  <u>Ahrens v. Clark</u>, 335 U.S. 188, 193 (1948),

19  overruled on other grounds in <u>Braden v. 30th Judicial Circuit</u>

20  <u>Court of Kentucky</u>, 410 U.S. at 193, citing <u>Mitsuye Endo</u>, 323 U.S.

21  283, 305 (1944); <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir.

22  1990).

23       Here, the declarations submitted by Respondent establish

24  that Petitioner was incarcerated within the district at the time

25  the petition was filed. Petitioner named Warden Hector A. Rios,

26  Jr., as the Respondent, and the evidence submitted by Respondent

27  reflects that H. A. Rios, Jr., was the warden at that time. (Doc.

28  13-2, pp. 12, 19.)

1    Accordingly, the Court concludes that it has jurisdiction
2  over the Respondent and that in considering the motion to dismiss
3  the petition, it acts within its jurisdiction within the meaning
4  of § 2241(a).
5    VI. <u>Failure to Exhaust Administrative Remedies</u>
6    Respondent argues that the petition should be dismissed
7  because Petitioner failed to exhaust his administrative remedies
8  before filing the petition.
9    Petitioner acknowledged the requirement of exhaustion of
10 administrative remedies (pet. pp. 5-6), but he did not allege
11 facts demonstrating that he exhausted his administrative remedies
12 before filing the petition.  Instead, he asserted that exhaustion
13 should be excused where a petitioner might suffer irreparable
14 injury if required to exhaust, or where the administrative
15 remedies are ineffective or pursuit thereof futile.  Petitioner
16 argues that based on the BOP's use of an invalidated policy, it
17 should be concluded that the remedy would have been futile or
18 ineffective.  (Pet. pp. 5-7.)
19   As a "prudential matter," federal prisoners are generally
20 required to exhaust available administrative remedies before
21 bringing a habeas petition pursuant to 28 U.S.C. § 2241.  <u>Huang</u>
22 <u>v. Ashcroft</u>, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting <u>Castro-</u>
23 <u>Cortez v. INS</u>, 239 F.3d 1037, 1047 (9th Cir. 2001)); <u>Martinez v.</u>
24 <u>Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986). The exhaustion
25 requirement applicable to petitions brought pursuant to § 2241 is
26 judicially created and is not a statutory requirement; thus, a
27 failure to exhaust does not deprive a court of jurisdiction over
28 the controversy.  <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir.

1 1990), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Reno v. Koray</u>, 515 U.S. 50,

2 54-55 (1995).  If a petitioner has not properly exhausted his or

3 her claims, a district court in its discretion may either excuse

4 the faulty exhaustion and reach the merits, or require the

5 petitioner to exhaust the administrative remedies before

6 proceeding in court.  <u>Brown v. Rison</u>, 895 F.2d 533, 535.

7 Exhaustion may be excused if the administrative remedy is

8 inadequate or ineffective, or if attempting to exhaust would be

9 futile or would cause irreparable injury.  <u>Fraley v. United</u>

10 <u>States Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993); <u>United</u>

11 <u>Farm Workers of America v. Arizona Agr. Emp. Rel. Bd.</u>, 669 F.2d

12 1249, 1253 (9th Cir. 1982).

13    Factors weighing in favor of requiring exhaustion include

14 whether 1) agency expertise makes agency consideration necessary

15 to generate a proper record and reach a proper decision; 2)

16 relaxation of the requirement would encourage the deliberate

17 bypass of the administrative scheme; and 3) administrative review

18 is likely to allow the agency to correct its own mistakes and to

19 preclude the need for judicial review.  <u>Noriega-Lopez v.</u>

20 <u>Ashcroft</u>, 335 F.3d 874, 880-81 (9th Cir. 2003) (citing <u>Montes v.</u>

21 <u>Thornburgh</u>, 919 F.2d 531, 537 (9th Cir. 1990)).

22    Here, Petitioner makes only a bare allegation of futility.

23 The record shows without contradiction that Petitioner began the

24 process of exhausting his remedies but then failed to continue

25 the process.  None of the evidence provided by Respondent

26 supports an inference that completing the attempt to obtain

27 relief would have been futile; if anything, the evidence of

28 reconsideration by the prison authorities and ultimate transfer

15

warrants a contrary inference.  Further, Petitioner's abandonment of his administrative remedy does not appear to have been necessary.  Thus, to relax the requirement in this instance would encourage deliberate bypass of the administrative scheme and may tend to increase the likelihood of unnecessary judicial review. This case is thus factually unlike the cases cited by Petitioner, including Elwood v. Jeter, 386 F.3d 842, 843 n.1 (8th Cir. 2004) (the government waived exhaustion and confirmed that an attempt to exhaust would have been futile); Drew v. Menifee, 2005 WL 525449 (S.D.N.Y. Mar. 4, 2005) (the government raised no issue of exhaustion); Pinto v. Menifee, 2004 WL 3019760, *3 (S.D.N.Y. Dec. 29, 2004) (BOP exhaustion not required where a directive of the Department of Justice rendered futile any attempt to exhaust an administrative remedy before the BOP); and Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008) (the court did not address exhaustion of administrative remedies).

Accordingly, the Court finds that Petitioner failed to exhaust his administrative remedies and concludes that his failure to exhaust is not excused in this instance.  The motion to dismiss will therefore be granted.[4]  Because the failure to exhaust administrative remedies is properly treated as a curable defect, it should generally result in a dismissal without prejudice. Cf., City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009).

VII. Disposition

Accordingly, it is ORDERED that:

_____

[4] In light of the disposition of this motion, the Court does not reach Respondent's contentions concerning the APA, mootness of the petition, or Petitioner's inability to demonstrate any injury in fact necessary for standing.

1    1) Respondent's motion to dismiss the action is GRANTED;

2    2) The petition for writ of habeas corpus is DISMISSED

3 WITHOUT PREJUDICE; and

4    3) The Clerk is DIRECTED to enter judgment and close the

5 case.

6

7 IT IS SO ORDERED.

8 **Dated:   May 10, 2010**                        **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28